UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT S.,

                                                    Plaintiff,

v.                                                                            5:21-CV-1272
                                                                                (GTS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

OLINSKY LAW GROUP                       HOWARD D. OLINSKY, ESQ.
 *Attorneys for Plaintiff*
250 S. Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.            MICHAEL L. HENRY, ESQ.
 *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

**MIROSLAV LOVRIC**, United States Magistrate Judge

## REPORT AND RECOMMENDATION

     Plaintiff Scott S. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). (Dkt. No. 1). This matter was referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Court Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). This case has proceeded in accordance with General Order 18. Currently before this court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment

on the pleadings. (Dkt. Nos. 10, 11). For the reasons set forth below, this court recommends that the District Court grant Defendant's motion for judgment on the pleadings and affirm the Commissioner's decision.

## I. **PROCEDURAL HISTORY**

On March 22, 2018, Plaintiff protectively filed an application for DIB, alleging disability dating from August 1, 2016. (Administrative Transcript ("T.") 142-148). His application was denied initially on July 11, 2018. (T. 59-74). Plaintiff then requested a hearing, where he and vocational expert ("VE") Jay Steinbrenner testified on November 15, 2019 before Administrative Law Judge ("ALJ") Stanley K. Chin. (T. 37-58). The ALJ issued an unfavorable decision on December 31, 2019. (T. 17-33). The Appeals Council denied Plaintiff's request for review on August 14, 2020. (T. 13-16).

On October 9, 2020, Plaintiff commenced an action challenging the Commissioner's decision in the Northern District of New York, Case No. 5:20-CV-1252 (TJM/ATB). Upon the consent of both parties, the Honorable Thomas J. McAvoy's January 20, 2021 order vacated the Commissioner's decision and remanded the case for further administration action. (T. 10-12.) On July 21, 2021, the Appeals Council notified plaintiff that it would retain jurisdiction in the matter to consider hospital records that had not been reviewed by the ALJ. (T. 138-141). On September 24, 2021, the Appeals Counsel issued an unfavorable decision to plaintiff that adopted the ALJ's findings regarding disability, and further found that the additional medical records would not have impacted the ALJ's decision. (T. 1-9).

Plaintiff commenced this proceeding on November 29, 2021 to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1).

2

## II. GENERALLY APPLICABLE LAW

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). To facilitate the court's review, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B. Standard for Benefits[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 1382c(a)(3)(B).

---

[1] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

### III. FACTS

As of the date of the ALJ's decision, Plaintiff was 51 years old, and had reached age 53 by the time of the Appeals Council's decision following judicial remand. (T. 41, 142). Plaintiff was a high school graduate who attended regular education classes. (T. 284). He had a twenty-eight year career as an iron worker before suffering a workplace injury in August 2016. (T. 300). While working on the third-floor exterior of a building, a four pound steel wedge was dropped from the fifth floor and struck plaintiff in the back of the head, breaking his hard hat. (T. 46, 300).

Plaintiff received minimal medical treatment immediately after the incident, but soon developed severe headaches and dizziness. (T. 301, 408, 513). He was eventually diagnosed

with chronic post-concussion syndrome and chronic intractable post-traumatic headaches. (T. 264, 514). Plaintiff reported that these conditions did not improve with treatment and testified that his symptoms were aggravated by bright lights and loud noises. (T. 47-49).

The record includes Plaintiff's treatment history. Rather than summarizing the records at the outset, I will refer to the pertinent records during my discussion of Plaintiff's arguments.

## IV.   THE ALJ'S DECISION

After finding that Plaintiff meets the insured status requirements through December 31, 2021, the ALJ found that Plaintiff has not engaged in substantial gainful activity after the alleged onset date of August 1, 2016. (T. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: "post-concussion syndrome, chronic post-traumatic headaches, and cervical spine disorder." (*Id.*)

At step three of the evaluation, the ALJ found that Plaintiff's impairments either singly or in combination did not meet or medically equal the severity of a listed impairment, including Listings 1.04[2] (spinal disorders), Listing 11.00 (neurological disorders), and 11.18 (traumatic brain injuries). (T. 22-23). Next, the ALJ found that Plaintiff could perform less than the full range of medium work. (T. 23-28). Specifically, the ALJ found that Plaintiff can:

> lift no more than 50 pounds occasionally and 25 pounds frequently; can stand or walk for six hours and sit for six hours in an eight-hour workday; can never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch, crawl,

---

[2] This court notes that the Social Security Administration revised its Listings for spinal and other musculoskeletal disorders, including the removal of Listing 1.04, effective April 2, 2021. *Revised Medical Criteria for Evaluating Musculoskeletal Disorders*, 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020). By its terms, this revision applied to "new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date." *Id.* Thus, the ALJ considered Plaintiff's application under Listing 1.04, but the Appeals Council was required to consider Plaintiff's application under the revised Listings following the judicial remand. (T. 5-6, 23). Plaintiff has not challenged either step three determination in this proceeding.

       and climb ramps or stairs; can have occasional exposure to loud noise; and can
       have frequent exposure to chemicals, moving machinery, and unprotected heights.

(T. 23).

       In making the RFC determination, the ALJ stated that he considered all of Plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529" and Social Security Ruling ("SSR") 16-3p. (*Id.*) The ALJ further stated that he considered opinion evidence and prior administrative medical findings in accordance with 20 C.F.R. § 404.1520c. (*Id.*) The ALJ also considered Plaintiff's subjective complaints regarding pain, symptoms, and functional limitations raised during the hearing and in the overall administrative record and found them "not entirely consistent with the medical evidence and other evidence in the record." (T. 24).

       At step four, the ALJ found that Plaintiff is unable to perform his past relevant work. (T. 28). Relying on the VE testimony, the ALJ next found that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (T. 28-29). Accordingly, the ALJ found that Plaintiff was not disabled from his alleged onset date of August 1, 2016 through the date of the ALJ's decision. (T. 29).

**V.    ISSUES IN CONTENTION**

       Plaintiff argues that the ALJ improperly weighed the medical opinion evidence, particularly the October 4, 2019 opinion from plaintiff's treating neurologist, Dr. Anthony M. Maroldo, and failed to properly incorporate all of the documented limitations associated with plaintiff's headaches, resulting in an RFC determination that was not supported by substantial evidence. (Dkt. No. 10 at 8-11). The Commissioner contends that the ALJ's analysis of the

medical opinion evidence, Plaintiff's testimony, and the ultimate disability determination were supported by substantial evidence. (Dkt. No. 11 at 18-27.) For the following reasons, this court agrees with the Commissioner and finds that the disability determination was supported by substantial evidence and recommends that the District Court grant Defendant's motion for judgment on the pleadings and deny Plaintiff's motion for judgment on the pleadings.

## VI. RFC AND MEDICAL OPINION EVIDENCE

### A. Legal Standards

#### 1. RFC

RFC is "what [the] individual can still do despite his or her limitations. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . ." A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent work schedule. *Balles v. Astrue*, No. 3:11-CV-1386 (MAD), 2013 WL 252970, at *2 (N.D.N.Y. Jan. 23, 2013) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, at *2)); *Babcock v. Berryhill,* No. 5:17-CV-00580 (BKS), 2018 WL 4347795, at *12-13 (N.D.N.Y. Sept. 12, 2018); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013); *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Kirah D. v. Berryhill*, No. 3:18-CV-0110 (CFH), 2019 WL 587459, at *8 (N.D.N.Y. Feb 13, 2019); *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). An

ALJ must specify the functions a plaintiff is capable of performing and may not simply make conclusory statements regarding a plaintiff's capacities. *Roat v. Barnhart,* 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010); *Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris*, 728 F.2d at 588; *LaPorta*, 737 F. Supp. at 183, *Stephens v. Colvin,* 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004). The RFC assessment must also include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence. *Natashia R. v. Berryhill*, No. 3:17-CV-01266 (TWD), 2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 WL 374184, at *7).

### 2. Evaluating Medical Evidence

The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017,[3] and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded. According to the new regulations, the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 82 Fed. Reg. 5844, at 5867–68, 2017 WL 168819 (Jan. 18, 2017), *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

---

[3] Plaintiff's application was protectively filed on March 22, 2018. (T. 147-153). Thus, the new regulations apply in this case.

Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." *Id.* at §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The two "most important factors for determining the persuasiveness of medical opinions are consistency and supportability," which are the "same factors" that formed the foundation of the treating source rule. *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853.

An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

Under the new regulations an ALJ must consider, but need not explicitly discuss, the three remaining factors in determining the persuasiveness of a medical source's opinion. *Id.* at §§ 404.1520c(b)(2), 416.920c(b)(2). However, where the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same,

the ALJ must articulate how he or she considered those factors contained in paragraphs (c)(3) through (c)(5). *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

> **B.    The ALJ's evaluation of the medical opinion evidence is supported by substantial evidence.**

Plaintiff contends that the ALJ failed to properly evaluate the October 4, 2019 opinion of Dr. Maroldo, plaintiff's treating neurologist. (Dkt. No. 10 at 10-11). Dr. Maroldo had seen plaintiff on a regular basis for his headaches and post-concussion complications since October 2016. (T. 513). In October 2019, Dr. Maroldo gave Plaintiff a "poor" prognosis due to his chronic post-concussion syndrome and "intractable chronic post-traumatic headache." (T. 393). He described Plaintiff's daily headaches as ranging from "moderate" to "severe" and accompanied by symptoms including sensitivity to light and sound, throbbing pain, an inability to concentrate or make decisions, and dizziness. (T. 393-394). Based on these impairments, Dr. Maroldo opined in October 2019 that Plaintiff "is unable to work at all" and would be off task more than twenty percent of a typical workday. (T. 395). He further opined that Plaintiff's condition had not shown any meaningful improvement since his original head injury, and that prescribed medication had been ineffective in reducing his symptoms. (T. 394-395).

The ALJ found Dr. Maroldo's 2019 opinion to be non-persuasive. (T. 27). Plaintiff contends that this is error, because Dr. Maroldo's opinion is consistent with Plaintiff's symptom history as well as the conclusions of an independent medical examiner, Dr. Patrick Hughes. (Dkt. No. 10 at 11). Dr. Hughes examined Plaintiff in February 2017 in connection with his application for workers' compensation benefits. (T. 300-303). Based on that examination approximately six months after Plaintiff's workplace injury, Dr. Hughes opined that "[t]here is no evidence that [plaintiff] is responding to the current treatment with an objective functional

11

gain," and rated him "100% temporary total disability at present." (T. 302). This court disagrees with Plaintiff, and finds that the ALJ's evaluation of Dr. Maroldo's 2019 opinion was supported by substantial evidence for the reasons set out below.

To begin with, the ALJ recognized both points raised by plaintiff when evaluating Dr. Maroldo's 2019 opinion, but appropriately considered the opinion's supportability and consistency with the longitudinal medical record. (T. 27). The ALJ referenced Plaintiff's reported symptoms of photophobia and phonophobia, and the similarity between Dr. Maroldo's 2019 opinion and that of Dr. Hughes. (*Id*.) However, the ALJ found the severe restrictions described by Dr. Maroldo as inconsistent with multiple physical evaluations showing normal strength, coordination, and motor behavior. (T. 24, 27, 268-269, 289-290, 356, 368, 409-410). Plaintiff also regularly demonstrated normal alertness, orientation, cooperation, thought processes, attention and concentration, as well as an absence of sensory deficits. (T. 24, 27, 285, 356, 368). There are multiple documented instances in the record when Plaintiff reported that his general health was "pretty good" and offered no complaints or concerns despite lingering headaches. (T. 24, 354, 549). Moreover, the ALJ cited a neuropsychological examination report suggesting that plaintiff overstated the limiting effects of his symptoms, particularly with regard to "psychological and neurocognitive symptoms." (T. 25, 315, 326).

The ALJ also found that Dr. Maroldo's 2019 opinion was inconsistent with Plaintiff's regular activities. In contrast to the treating neurologist's opinion regarding time off-task, the record cited by the ALJ showed Plaintiff was able to drive, performing personal grooming and hygiene, cook, perform chores such as shopping and laundry, and manage his own finances without difficulty. (T. 27-28, 286, 288, 309). Such daily activities, while not dispositive on their own, are a relevant consideration when evaluating the persuasiveness of medical opinion

12

evidence. *See Medina v. Comm'r of Soc. Sec.*, 831 F. App'x 35, 36 (2d Cir. 2020) (allowing ALJ to consider daily activities in determining consistency with alleged symptoms); *Herrington v. Berryhill,* No. 3:18-CV-315, 2019 WL 1091385, at *7 (D. Conn. Mar. 8, 2019) (activities of daily living are appropriate factors for an ALJ to consider when assessing a plaintiff's claimed symptoms and limitations); *George A. v. Comm'r of Soc. Sec.*, No. 20-CV-691 (MJR), 2021 WL 2102527, at * (W.D.N.Y. May 25, 2021) (rejecting consultative opinion describing moderate to marked limitations for repetitive twisting and bending of the cervical spine as inconsistent with plaintiff's report of regularly driving a car).

The ALJ appropriately undertook a similar analysis of the other medical opinions in the record,[4] including Dr. Maroldo's earlier, and much less restrictive, opinion dated May 21, 2018.[5] (T. 25-27, 277-280). At that time, Dr. Maroldo opined that Plaintiff had no limitation with regard to lifting, carrying, standing, walking, sitting, pushing, or pulling but was limited in his ability to change positions due to recurring dizziness. (T. 26, 279-280). The ALJ found this opinion to be "somewhat persuasive" but imposed greater postural and exertional limitations in the RFC determination due to Dr. Maroldo's omission of the documented impact of Plaintiff's neck and back impairments on his range of motion. (T. 26, 269, 278-79, 419, 423-424). Similarly, the ALJ found the opinions of consultative examiner Dr. Kalyani Ganesh, treating orthopedist Dr. Warren Wulff, and independent medical examiner Dr. Daniel Carr to be

---

[4] Plaintiff did not directly challenge the ALJ's evaluation of these other medical opinions, so this court will only address them briefly to confirm the ALJ's conclusions were supported by substantial evidence.

[5] Plaintiff's brief does not address the inconsistency between Dr. Maroldo's 2018 and 2019 opinions, despite Dr. Maroldo's assertion that Plaintiff's overall condition had not changed since his workplace injury occurred. (T. 396).

"somewhat persuasive" and adopted those portions of their opinions that he deemed most supported by the broader record. (T. 25-27, 270, 288-291, 332-335). With regard to Plaintiff's mental health, the ALJ found the opinions of consultative examiner Dr. Jeanne Shapiro and independent examiner Dr. Thomas Griffiths to be "persuasive" in light of their examination results and Plaintiff's limited psychiatric treatment history. (T. 25, 284-287, 307-316, 318-327, 347). In both areas, the ALJ evaluated the consistency and supportability of each opinion not only with that opinion writer's own examination report or treatment notes, but also the broader medical record and the other medical opinions in the record. This included a discussion of the consultative examinations, orthopedic evaluations, physical therapy notes, and neuropsychological assessments. (T. 24-28).

"At their most basic, the amended regulations require that the ALJ explain [his] findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. February 22, 2021) (quoting *Jacqueline L. v. Comm'r of Soc. Sec*., No. 6:19-CV-6786, 2021 WL 243099, at *6 (W.D.N.Y. January 26, 2021)). The ALJ did so here, by considering multiple medical opinions, Plaintiff's treatment history, consultative examinations, and Plaintiff's testimony. Plaintiff's challenge to the resulting RFC determination thus premised upon a disagreement over how the ALJ resolved arguably conflicting evidence about Plaintiff's functional limitations. This court will not reweigh the evidence presented to the ALJ. *See Warren v. Comm'r of Soc*. Sec., No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the

applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996) (alteration in original)), report-recommendation adopted by 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). Accordingly, this court finds the ALJ's evaluation of the medical opinion evidence, with regard to both physical and mental impairments, is supported by substantial evidence.

        **C.**        **The ALJ's evaluation of plaintiff's photophobia and difficulties with memory and concentration was supported by substantial evidence.**

Plaintiff contends that the ALJ should have included greater RFC limitations associated with photophobia and other symptoms from his frequent headaches. (Dkt. No. 10 at 8-9). He supports this assertion with treatment notes detailing his complaints of sensitivity to bright lights and difficulty with short-term memory and concentration. (T. 264, 301, 317, 320, 393-394, 402, 408, 611, 714-715, 733). He also cites his hearing testimony that bright lights intensified his headaches, and that he often needed to sit in "dark, shaded rooms" and cover his eyes to relieve the pain. (T. 49).

In his decision, the ALJ recognized Plaintiff's assessment of his own headache symptoms, including "photophobia and phonophobia," "tinnitus, dizziness, difficulty sleeping, poor memory, and issues with attention and concentration." (T. 24). However, he factored this subjective description against multiple examination notes depicting Plaintiff in no acute distress, with normal balance and coordination. (T. 24, 269, 285, 289, 409, 515, 521). An October 2016

examination of the cranial nerve showed normal results, and Plaintiff exhibited no sensory or neurologic limitations during his June 2018 consultative examination. (T. 24, 290, 520). During mental status examinations, Plaintiff regularly demonstrated "alertness, orientation, cooperation, normal processes, average intellectual functioning, and intact memory, attention, and concentration." (T. 24, 268, 286, 308-309, 320, 514-515, 519-520). The ALJ expressly evaluated this evidence in light of the neuropsychological evaluation results suggesting "significant over-reporting of physical and cognitive symptoms," as a factor in the apparent lack of improvement in Plaintiff's concussion symptoms. (T. 315, 326).

While Plaintiff identifies evidence in the record supportive of his claims regarding light sensitivity and the impact of his headaches, the mere existence of contrary evidence does not provide a basis for remand. *See Julie B. v. Comm'r of Soc. Sec.*, 578 F. Supp. 3d 345, 349 (N.D.N.Y. 2022) ("If the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists."). Because this court finds that the ALJ marshaled substantial evidence to support his RFC determination that excluded limitations related to photophobia, memory, and attention and concentration, it recommends that the district court find that the overall RFC determination and ultimate determination of disability are supported by substantial evidence.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Commissioner's decision be **AFFIRMED**, Defendant's motion for judgment on the pleadings (Dkt. No. 11) be **GRANTED**, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **DENIED**; and Plaintiff's complaint (Dkt. No. 1) be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 20, 2023
Binghamton, NY

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge