UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT S.,

                    Plaintiff,        5:21-CV-1272
                                        (GTS/ML)

v.

COMM'R OF SOC. SEC.,

                    Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OLINSKY LAW GROUP                   HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    MICHAEL HENRY, ESQ.
 Counsel for Defendant                     KRISTINA D. COHN, ESQ.
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Scott S. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Miroslav Lovric recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's Objections to the Report and Recommendation. (Dkt. Nos. 13, 14.) For the reasons set forth

below, the Report and Recommendation is accepted and adopted in its entirety.

I.     RELEVANT BACKGROUND

     A.     **Summary of Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Lovric rendered the following two findings of fact and conclusions of law. (Dkt. No. 13.) First, Magistrate Judge Lovric found that ALJ Stanley Chin's evaluation of the October 4, 2019, opinion of Plaintiff's treating neurologist, Dr. Anthony Maroldo, M.D., was supported by substantial evidence, because (a) the severe restrictions described by Dr. Maroldo in his 2019 opinion were inconsistent with multiple physical evaluations of Plaintiff showing normal strength, coordination, and motor behavior, (b) Dr. Maroldo's 2019 opinion was inconsistent with Plaintiff's daily activities, (c) Dr. Maroldo's 2019 opinion conflicted with his earlier opinion of May 21, 2018, finding Plaintiff had no limitation with regard to lifting, carrying, standing, walking, sitting, pushing or pulling, and (d) the ALJ's evaluation of Dr. Maroldo's 2019 opinion was consistent with and supported by portions of the opinions of Plaintiff's consultative examiner Dr. Kalyani Ganesh, treating orthopedist Dr. Warren Wulff, and independent medical examiner Dr. Daniel Carr. (*Id*. at 11-15.)

Second, Magistrate Judge Lovric found that the ALJ's evaluation of Plaintiff's photophobia (light sensitivity) and difficulties with memory and concentration was supported by substantial evidence, because (a) the ALJ weighed Plaintiff's subjective description of his own headache symptoms against multiple examination notes showing Plaintiff in no acute distress, with normal balance and coordination (including an October 2016 examination of Plaintiff's cranial nerve showing normal results, a June 2018 consultative examination showing no sensory or neurologic limitation, and numerous mental-status examinations showing "alertness,

orientation, cooperation, normal processes, average intellectual functioning, and intact memory, attention, and concentration"), and (b) although Plaintiff identifies evidence in the record supportive of his claims regarding light sensitivity and the impact of his headaches, the mere existence of contrary evidence does not provide a basis for remand. (*Id.* at 15-16.)

### B. Summary of Plaintiff's Objections

Generally, in his Objections to the Report-Recommendation, Plaintiff argues that the Court should reject Magistrate Judge Lovric's conclusion that the ALJ adequately evaluated Plaintiff's headache-related photophobia for two reasons. (Dkt. No. 14.) First, Plaintiff argues, none of the limitations that the ALJ included in his residual-functional capacity ("RFC") determination (i.e., "occasional exposure to loud noise and frequent exposure to chemicals, moving machinery, and unprotected heights") remotely accommodate the light sensitivity issues Plaintiff has from his photophobia. (*Id*. at 1-2.)

Second, Plaintiff argues, the ALJ's failure to consider the cumulative impacts of a Plaintiff's headaches, including light sensitivity, was harmful error, because (a) at its core, a plaintiff's RFC is the most that the plaintiff can still do despite all of the plaintiff's limitations, and the ALJ, (b) as a result, the ALJ is obligated to, but failed to, assess RFC based on all the relevant record evidence, and (c) here, the error to do so was harmful in that a vocational expert's testimony cannot constitute substantial evidence to support an ALJ decision if such testimony was given in response to an RFC not reflective of all Plaintiff's limitations (as the ALJ's hypothetical question did here). (*Id*. at 2-3 [citing, *inter alia*, *Ebert v. Astrue*, 07-CV-1166, 2009 WL 3764219, at *8-9 (N.D.N.Y. Nov. 10. 2009) (report-recommendation of Peebles, M.J., adopted by Kahn, J.), and *Tanner v. Comm'r of Soc. Sec.*, 15-CV-0577, 2016 WL 3189754, at *8 (N.D.N.Y. May 11, 2016) (report-recommendation of Baxter, M.J.), *adopted*,

2016 WL 3190227 (N.D.N.Y. June 7, 2016) (McAvoy, J.)].)

## II.   APPLICABLE LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a

been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

secondary evidentiary hearing is required.").

³       *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

Plaintiff's Objections merely repeat arguments presented in his initial Brief. (*Compare* Dkt. No. 14, Point 1 [citing *Ebert v. Astrue*, and *Tanner v. Comm'r of Soc. Sec.*] *with* Dkt. No. 10, Point I [citing *Ebert v. Astrue*, and *Tanner v. Comm'r of Soc. Sec.*].) As a result, the Court finds that "challenged" portion of the Report-Recommendation warrants only a clear-error review. *See, supra*, Part II of this Decision and Order.

After carefully reviewing the relevant findings in this action, including Magistrate Judge Lovric's thorough Report-Recommendation and Plaintiff's objection thereto, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result,

---

3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

the Court adopts the Report-Recommendation for the reasons set forth in it. (Dkt. No. 13.) To those reasons, the Court would add only two points.

First, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in his initial Brief below, the Court would find that the challenged portion of the Report-Recommendation survives a *de novo* review for the reasons set forth in it. (*Id.*)

Second, in her initial Opposition Brief, Defendant argued as follows:

> The ALJ was required to include in his ultimate RFC assessment only those limitations that the record credibly supports. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). Although the ALJ stated that his RFC assessment sufficiently accounted for Plaintiff's headaches and associated symptoms (Tr. 27), it is a stretch to say that the ALJ found 'photophobia a credible symptom' (Pl. Br. 6). In fact, earlier in the decision, the ALJ explicitly stated that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were 'inconsistent for numerous reasons' (Tr. 24).

(Dkt. No. 11, at 18-19 [attaching pages "16" and "17" of Def.'s initial Opposition Brief].) The Court agrees with both these factual assertions and this legal argument. *See, e.g., Lugo v. Comm'r of Soc. Sec.*, 16-CV-0746, 2017 WL 4005621, at *12 (N.D.N.Y. Sept. 11, 2017) (Suddaby, C.J.) ("The evidence does not support that Plaintiff's symptoms of . . . photophobia caused any limitation on his functioning, even if Plaintiff experienced them as alleged. Because there is no objective evidence to substantiate these symptoms or limitations resulting from them, the ALJ did not err in failing to consider them more fully or in failing to account for them in the RFC. Remand is not warranted on this basis."); *Winchell v. Comm'r of Soc. Sec.*, 14-CV-0543, 2015 WL 7432377, at *2 (N.D.N.Y. Nov. 25, 2015) (Sharpe, J.) ("Notably, Winchell reported experiencing 'some photophobia' only during her neurology consult for her headaches . . . and, in fact, denied such symptoms on other occasions . . . . Overall, . . . the lack of clinical signs and laboratory findings combined with the sporadic nature of her complaints of and treatment for

headaches, and the lack of any medical opinion suggesting she suffers functional limitations as a result of her headaches support the ALJ's step two determination.").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 24, 2023
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge